of the distinct offense of attempt to rape cannot stand, and the charge should submit only the offense denounced by the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 596–603; Dec. Dig. § 190.*]

Appeal from District Court, Limestone County; H. B. Daviss, Judge.

Robert Shockley was convicted of an attempt to rape, and he appeals. Reversed and remanded.

Downs & Webb and Tirey & Tirey, all of Waco, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of an *attempt* to rape, and his punishment fixed at two years in the penitentiary.

The indictment is in two counts. The first, after the necessary preliminary allegations, is that appellant "in and upon Estelle Shockley, a woman, did make an assault with the intent then and there by force, threats, and fraud, and without the consent of the said Estelle Shockley, to commit rape in and upon her (the said Estelle Shockley) by then and there attempting by force, threat, and fraud to rape, ravish, and have carnal knowledge of the said Estelle Shockley without her consent." Likewise the second count is that appellant "did then and there unlawfully make and commit an assault in in and upon the person of Estelle Shockley, a woman, and did then and there by force, threats, and fraud attempt to rape, ravish, and have carnal knowledge of the said Estelle Shockley without her consent and against her will."

[1] It is the well-established law of this state that an *attempt* to commit rape provided for by article 1070, P. C., is an entirely separate and distinct offense from an *assault* with intent to commit rape prescribed by article 1029, P. C. Fowler v. State, 148 S. W. 576, and cases cited.

[2, 3] We think it clear that both counts of this indictment unquestionably allege an *assault* with intent to commit rape and not an *attempt* to commit rape. See the form for an indictment for an *assault* with intent to commit rape given by Judge White in section 1050 of his Ann. P. C., and Judge Willson's form 478 (4th Ed.) p. 249. For the form of an indictment charging an *attempt* to commit rape, see Judge White's form in section 1117 in his Ann. P. C., and Judge Willson's form 479, p. 250. While there are unnecessary allegations in the first count, we think it clearly charges an *assault* with intent to commit rape and not an *attempt*. It would, of course, have been better to have left out the unnecessary allegations in the first count, but including them in the count does not render it uncertain or bad so as to require that it be quashed. The court did not, therefore, err in overruling appellant's motion to quash the indictment or either count thereof.

[4] It is also the well-established law of this state and needs no citation of the authorities that no conviction for one offense can stand when there is no indictment therefor but when the indictment is for an entirely separate and distinct offense. In this case the court, by his charge, submitted only the question of an *attempt* to rape and excluded by his charge an *assault* with intent to rape. This must necessarily result in a reversal of the judgment. Appellant raised and urged this point in various ways.

The appellant vigorously insists that the evidence is insufficient to sustain a verdict for an *attempt* to commit rape. As the case must be reversed, it would be improper for us to discuss the evidence, but the question of whether or not the evidence is sufficient to sustain a conviction is a question of law, and we are clearly of the opinion that the evidence in this case was sufficient to sustain in a conviction for an *attempt* to rape.

The appellant has many complaints to various portions of the charge of the court. One is that the court erred in stating that the indictment charged an *attempt* to rape. This, of course, was good under the indictment, as shown above. If the case is tried again, under the indictment as it now stands, then of course the court must not submit the question of an *attempt* to rape at all, but instead must give the proper charge under an *assault* with intent to rape. If another indictment is found charging both an *assault* with intent to rape and an *attempt* to rape, and the evidence justifies, of course both questions should be submitted to the jury.

As the case must be reversed, as shown above, it is unnecessary to pass upon any other question in the case. For the error pointed out, the judgment is reversed, and the cause remanded.

---

CASTELLANO v. STATE.

(Court of Criminal Appeals of Texas. Oct. 29, 1913.)

CRIMINAL LAW (§ 1182*)—APPEAL—AFFIRMANCE—ERROR NOT PRESENTED.

A judgment of conviction will be affirmed where there is no bill of exceptions or statement of facts in the record, and the motion for new trial raised no question which could be considered without a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3203–3214; Dec. Dig. § 1182.*]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Castula Castellano was convicted of assault to murder, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was indicted and convicted of an assault to mur-

der, and his punishment fixed at five years in the penitentiary.

There is neither a statement of facts nor bills of exception in the record. There is nothing attempted to be raised by the motion for a new trial that can be considered in the absence of a statement of facts.

The judgment will be affirmed.